Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ALEXIS ALICEA TORRES<br><br>Peticionario | KLCE202301048 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Por:<br>Art. 131 C.P. y Otros<br><br>Caso Número:<br>I1VP202300945 y Otros |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, jueza ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

La parte peticionaria, Alexis Alicea Torres, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 12 de septiembre de 2023, notificada el 13 del mismo mes y año. Mediante la misma, el foro primario ordenó que el testimonio de la menor AAG sea presentado a través del Sistema de Circuito Cerrado.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado y se declara *No Ha Lugar* la *Moción de Paralización y en Auxilio de Jurisdicció*n.

**I**

Por los hechos ocurridos entre los años 2020 al 2023, se le radicaron cargos al peticionario, el 8 de agosto de 2023, por haber infringido los Artículos 130, 131 y 283 del Código Penal de 2012, 33 LPRA secs. 5191, 5192 y 5376, y el Artículo 59 de la Ley para la Seguridad, Bienestar y Protección de Menores, Ley Núm. 246-2011, 8 LPRA sec. 1174. Los mismos respectivamente tipifican los delitos

Número Identificador

RES2023 _____

de agresión sexual, incesto, amenaza y maltrato. Evaluada y adjudicada la prueba, el juez encontró causa probable para arresto por todos los delitos imputados.

Tras varias incidencias, el 28 de agosto de 2023, el Ministerio Público presentó una *Moción Solicitando Vista de Necesidad y Presentación de Testimonio Mediante el Sistema Televisivo de Circuito Cerrado.* En la misma, informó que la víctima era menor de edad e hija del imputado. Además, sostuvo que existía la posibilidad de que la menor, al testificar en presencia del imputado, "sufra un disturbio emocional que le haría imposible comunicarse razonable y efectivamente"[1]. Por ello, solicitó al Tribunal de Primera Instancia que celebrara una vista de necesidad al amparo de la Regla 131.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 131.1.

En respuesta, el 31 de agosto de 2023, el señor Alicea Torres presentó una *Moción en Oposición a Utilización de Sistema Televisivo de Circuito Cerrado.* En síntesis, expuso que los planteamientos del Ministerio Público para solicitar que el testimonio de la menor se presentara mediante circuito cerrado eran especulativos y no estaban fundamentados con prueba pericial.[2] En virtud de lo anterior, peticionó que se declara sin lugar la solicitud promovida por el Ministerio Público.

Así las cosas, el 12 de septiembre de 2023, se celebró la referida vista de necesidad. Ese mismo día, luego de escuchada la prueba y tras entender sobre los respectivos argumentos de las partes, el tribunal primario emitió la *Resolución y Orden* recurrida, notificada el 13 de septiembre de 2023. Mediante la misma, además de señalar la vista preliminar para el 28 de septiembre de 2023, a las 9:00AM, ordenó que el testimonio de la menor AAG fuese presentado a través del Sistema de Circuito Cerrado.

---

[1] Véase, Anejo II de la petición de *certiorari*, pág. 12 del Apéndice.
[2] Véase, Anejo III de la petición de *certiorari*, pág. 16 del Apéndice.

Inconforme, el 22 de septiembre de 2023, el peticionario compareció ante nos mediante el presente recurso de *certiorari.* Posteriormente, el 25 de septiembre de 2023, sometió a nuestra consideración una *Moción de Paralización y en Auxilio de Jurisdicción.* En su recurso propone el siguiente señalamiento:

> Erró el TPI al ordenar la presentación del testimonio mediante el Sistema Televisivo de Circuito Cerrado, a pesar de que el estado no demostró la presencia del imputado durante el testimonio de AAG probablemente le cause un serio disturbio emocional que no le permita comunicarse, en violación al debido proceso de ley y el derecho a la confrontación.

En cumplimiento con nuestra *Resolución* emitida el 25 de septiembre de 2023, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General, compareció el 26 de septiembre de 2023, mediante *Escrito en Cumplimiento de Orden.*

Luego de evaluados los escritos de las partes y tras haber escuchado la regrabación del procedimiento en controversia, estamos en posición de disponer del presente asunto.

**II**

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, Res. 8 de mayo de 2023, 2023 TSPR 65; *Mcneil Healthcase v. Mun. Las Piedras II*, 206 DPR 659 (2021); 800 *Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012). Mediante la presentación de un recurso de *certiorari,* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera*

*Figueroa v. Joe's European Shop*, 183 DPR 580 (2011); *Pueblo v. Díaz de León*, 176 DPR 913 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). No obstante, "[e]l examen que hace el tribunal apelativo, previo a expedir un *certiorari,* no se da en el vacío ni en ausencia de otros parámetros." *800 Ponce de León v. AIG,* supra*; IG Builders et al. v. BBVAPR,* supra.

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la

tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141 (2003); *Vives Vázquez v. E.L.A.,* 142 DPR 117 (1987). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *Citibank et al v. ACBI et al.*, supra. Su más adecuado ejercicio está inexorablemente atado al concepto de la razonabilidad, de modo que el discernimiento judicial empleado redunde en una conclusión justiciera. *Citibank et al v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723 (2016); *García v. Asociación,* 165 DPR 311 (2005). En consecuencia, la doctrina establece que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al v. ACBI et al.*, supra, pág. 736.

**III**

Un examen de la presente causa mueve nuestro criterio a resolver que no existe condición legal alguna que nos invite a imponer el ejercicio de nuestras funciones sobre aquel efectuado por el Tribunal de Primera Instancia. Luego de examinar el expediente de autos, así como la regrabación de los procedimientos de la vista en cuestión, colegimos que nada sugiere que, en el quehacer de su gestión adjudicativa, el foro primario haya incurrido en error de derecho o abuso de discreción, de modo tal que resulte meritoria nuestra intervención en el asunto. A nuestro juicio, la determinación recurrida obedece al sano empleo del criterio del Juzgador para disponer del asunto sometido a su escrutinio, ello conforme a la ley aplicable. Siendo así, por no estar presentes los criterios estatuidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado. Por igual, se declara *No Ha Lugar* la *Moción de Paralización y en Auxilio de Jurisdicción.*

Notifíquese inmediatamente a todas las partes y al Honorable Juez Héctor L. López Sánchez del Tribunal de Primera Instancia, Sala de Mayagüez.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones